UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANYEL M.,<br><br>              Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. C22-5592-MLP<br><br>ORDER |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing her testimony and the medical opinion evidence. (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1974, has a 9th-grade education, and has worked as a childcare provider, landscaper, and nonprofit secretary. AR at 262. Plaintiff was last gainfully employed in 2015. *Id.*

ORDER - 1

In June 2019, Plaintiff applied for benefits, with an amended alleged onset date of June 29, 2018. AR at 15, 242-47. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 108-11, 115-20. After the ALJ conducted a hearing in July 2021 (*id*. at 35-79), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-29.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and explained that he discounted Plaintiff's allegation of disabling mental limitations because: (1) Plaintiff's mental status examination results and treatment notes support the existence of some mental limitations, but did not corroborate her allegations of disabling mental limitations; (2) Plaintiff's "minimal" engagement with treatment is inconsistent with the extremely limiting symptoms she alleged; (3) Plaintiff made inconsistent statements about the extent of her limitations and the effect of her treatment; and (4) Plaintiff's activities (namely caring for her infant grandson) are inconsistent with her allegations of extreme psychiatric difficulties. AR at 22-25. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees with Plaintiff that the ALJ provided legally insufficient reasons to discount her testimony. The ALJ pointed to objective evidence that he characterized as "mixed," but did not explain why the findings he highlighted were inconsistent with Plaintiff's allegations. For example, the ALJ acknowledged that Plaintiff's providers described her with tangential thought process, rambling speech, poor concentration, fair to borderline ability to abstract, low frustration tolerance, poor insight and judgment, paranoid thought content, pressured speech, disheveled appearance, and markedly labile affect. AR at 23. But because Plaintiff presented to some appointments with cooperative behavior, intact memory, normal attention, adequate fund of knowledge, good judgment, and no psychomotor agitation, the ALJ found that the record did

not corroborate the "constant" symptoms that Plaintiff reported. *Id*. Notably, the only treatment notes cited by the ALJ where Plaintiff is described with no abnormal mental findings were appointments for physical complaints. *See, e.g.*, *id*. at 359, 369, 393, 402, 615, 623, 627. Plaintiff's treating and examining *mental health* providers consistently listed abnormal mental findings, and as the ALJ acknowledged, agency personnel also observed Plaintiff to have tangential speech and unpleasant body odor. *Id*. at 23-24. The ALJ failed to explain why the findings of Plaintiff's treating and examining mental health providers failed to corroborate her allegations of disabling mental limitations, and erred in singling out the cursory mental findings from treatment notes primarily focused on physical complaints. *See, e.g.*, *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (instructing that in "conducting [judicial] review, [a court] must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence" (cleaned up)).

The ALJ also erred in finding Plaintiff's engagement with treatment to be "minimal," to the point that her course of treatment is inconsistent with the limitations she alleged. *See* AR at 24. The ALJ noted that even though Plaintiff attributed her many no-shows and cancellations to her homelessness, Plaintiff did not consistently attend appointments even when she had housing. *Id*. The ALJ also stated that Plaintiff did not consistently take her medications, even though she reported that it was effective. *Id*. Social Security Ruling 16-3p instructs an ALJ to consider a claimant's engagement and compliance with treatment when evaluating her allegations, but in this case, the record does not support the ALJ's finding that Plaintiff's course of treatment undermines her allegations. *See* 2017 WL 5180304, at *9 (Oct. 25, 2017). Plaintiff's record of absenteeism corroborates her allegations of problems staying organized and remembering things, and reflects Plaintiff's multiple life stressors rather than indicating that her symptoms are not as

ORDER - 4

severe as alleged.[1] The record as a whole does not support the ALJ's finding that Plaintiff's allegations are undermined by her absenteeism and failure to comply with treatment recommendations because the absenteeism and failure to comply can be attributed to Plaintiff's mental limitations.

The ALJ also erred in relying on Plaintiff's ability to babysit her grandson as a reason to discount her allegations because the record does not support an inference that this activity was inconsistent with her allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). That Plaintiff babysat her grandson for an unknown length of time on one occasion during the adjudicated period does not constitute substantial evidence that Plaintiff's activities were inconsistent with her allegations.

Because the ALJ erred in discounting Plaintiff's allegations on these bases, the ALJ must reconsider Plaintiff's allegations on remand.

**B.      The ALJ Erred in Assessing the Medical Opinion Evidence**

Plaintiff contends that the ALJ erred in finding unpersuasive the 2018 opinion of DSHS examiner Dan Neims, Psy.D., and the 2020 opinion of DSHS examiner Alysa Ruddell, Ph.D. (Dkt. # 10 at 11-16.) Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and

---

[1] For example, Plaintiff reported to providers that she had transportation barriers to attendance at appointments (AR at 472, 473, 494) as well as other situational problems (*id*. at 381 (Plaintiff missed appointments due to substance relapse), 474 (Plaintiff's fiancé was assaulted and she forgot appointments as a result), 479 (Plaintiff showed up for an appointment at the wrong time), 481 (Plaintiff canceled appointments because she will be in jail for 30 days), 487 (Plaintiff canceled appointments because she was entering inpatient treatment)) and because she could did not keep appointments with prescribers, she sometimes ran out of her medication (*id*. at 380, 470, 484-85).

ORDER - 5

supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In his decision, the ALJ grouped his discussion of multiple DSHS form opinions together, first noting that "[u]nder this Agency's regulations, the decisions of other agencies and nongovernmental agencies are inherently neither valuable nor persuasive." AR at 26. Medical opinions written by DSHS evaluators are not "decisions by other governmental agencies" under the regulations, however, but instead constitute "medical opinions" that must be reviewed for consistency and supportability. *See* 20 C.F.R. §§ 416.904, 416.913, 416.920c.

Although the ALJ erroneously assumed from the outset that the opinions of Drs. Neims and Ruddell (AR at 572-85, 591-95) were inherently unpersuasive, the ALJ did go on to provide some reasoning as to whether the opinions were supported and consistent by the record. *Id*. at 26-27. As to supportability, the ALJ noted that the disputed opinions did not identify a foundation for the limitations identified, and that the evaluators relied on Plaintiff's self-described symptoms. *Id*. at 26. The ALJ specifically noted that although Drs. Neims and Ruddell indicated that most of Plaintiff's functional limitations were mild or moderate, they both rated Plaintiff's overall impairment level to be marked. *Id*. The ALJ expressed concern that the individual ratings were internally inconsistent with the overall rating, as well as unexplained. *Id*. As to consistency, the ALJ found that the disputed opinions were internally inconsistent as to the impact of Plaintiff's drug use and/or inconsistent with the "mixed" mental status examinations in the record. *Id*. at 26-27.[2]

---

[2] The ALJ also provided reasoning that applies to other DSHS opinions, but because the ALJ's assessment of those opinions is not challenged by Plaintiff, the Court need not address that reasoning here. *See* AR at 26-27.

ORDER - 6

       The ALJ's supportability finding is not supported by substantial evidence. The opinions at issue contain clinical findings that support the checkbox limitations.[3] Furthermore, both Drs. Neims and Ruddell opined that Plaintiff would be markedly limited in her ability to complete a normal workday or workweek, and a marked limitation in this linchpin category could be consistent with an overall rating of marked impairment. *See* AR at 574, 593. The ALJ's finding that the checkbox ratings of Drs. Neims and Ruddell were unsupported is therefore erroneous.

       As to consistency, the ALJ erred in finding that Dr. Neims's opinion was internally inconsistent as to the impact of Plaintiff's drug use. As emphasized by the ALJ, Dr. Neims questioned whether Plaintiff had been sober for 47 days, as she reported. AR at 26. Dr. Neims indicated that Plaintiff's sobriety should be confirmed by urinalysis, and he recommended a chemical dependency assessment or treatment. *Id*. at 574. Dr. Neims also indicated that he was unable to judge whether Plaintiff "suffer[ed] primary or material effect of substance abuse[.]" *Id*. at 581. Elsewhere, Dr. Neims indicated that Plaintiff's current impairments were not the primary result of substance use during the past 60 days, and that her impairments would persist after 60 days of sobriety. *Id*. at 574. Although the ALJ interpreted these statements regarding the impact of Plaintiff's substance use on her mental functioning to be internally inconsistent, when all of the statements are read together, it appears that Dr. Neims sought verification of Plaintiff's

---

[3] *See, e.g.* AR at 576 (Dr. Neims's findings that Plaintiff was "markedly belligerent and passive aggressive" at the beginning of the evaluation, with "rambling and pressured speech with moderate agitation" and "[p]atterns of inappropriate humor"), 579-81 (Dr. Neims's findings of Plaintiff's fast, loud, rambling, and tangential speech; poor comprehension), 592 (Dr. Ruddell's findings related to *inter alia* Plaintiff's "[i]rrationally inflated self-esteem," grandiosity, hallucinations, sunken/baggy eyes), 594 (Dr. Ruddell's findings of Plaintiff's psychomotor rocking, paranoid thought content, impaired concentration, hallucinations).

Although the ALJ noted that some of the findings referenced within the opinions are based only on Plaintiff's self-report (AR at 26), the findings cited in this footnote represent the psychologists' observations. Moreover, as noted *supra*, the ALJ erred in assessing Plaintiff's self-report, and that error infects the ALJ's reasoning with respect to Drs. Neims and Ruddell's reliance on self-report.

ORDER - 7

sobriety and yet believed her mental symptoms were limiting even if sober. There is no internal inconsistency in those positions.[4]

And to the extent that the ALJ found the disputed opinions to be inconsistent with Plaintiff's "mixed" record of objective findings, this line of reasoning is not based on a reasonable reading of the record. The limitations identified by Drs. Neims and Ruddell (AR at 573-74, 593) were themselves "mixed," in the sense that some were mild, some were moderate, and some were marked, and the ALJ failed to explain why the marked limitations identified by these providers were not consistent with the many abnormal objective findings in the record.

On remand, the ALJ shall reassess the persuasiveness of the disputed opinions in accordance with 20 C.F.R. § 416.920c.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's allegations, reconsider the 2018 opinion of Dr. Neims and the 2020 opinion of Dr. Ruddell, and revisit any other parts of the decision as necessary in light of the updated record.

Dated this 27th day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[4] When defending this line of the ALJ's reasoning, the Commissioner attempts to shift the Court's attention to the limited duration of Dr. Neims's opinion (dkt. # 14 at 13), but the ALJ did not rely on this reasoning in the decision and the Court confines its review to the reasons provided by the ALJ. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).